```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH GWATNEY a/k/a                       :
DAWSON COLEMAN pro se,                     :
                                           :
                 Plaintiff,                :     MEMORANDUM & ORDER
                                           :
           -against-                       :     03-CV-4921 (DLI)(LB)
                                           :
CITY OF NEW YORK; CHRIS CAPRERI;           :
Police Officer, and KARL ROSENTHAL,        :
Police Officer,                            :
                                           :
                 Defendants.               :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff brings this action, pro se, pursuant to 42 U.S.C. § 1983, alleging false arrest and malicious prosecution in a complaint filed in September 2003. By letter dated December 2, 2005, plaintiff moved for an injunction and moved to amend the complaint to add two retaliation claims. Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R"), dated January 27, 2006, recommending denial of the injunction and the motion to amend.

Rather than object to the R & R, plaintiff filed a letter reiterating the details of his encounters and dealings with the New York State Supreme Court, the New York City Police Department, the New York City Department of Probation, and the Kings County District Attorney's Office. (Pl.'s letter, Feb. 6, 2006 at ¶¶ 2, 6.) Even construing this reiteration of claims as objections to M.J. Bloom's R & R, a *de novo* review warrants adoption of the R & R.

### Discussion

Because Gwatney is a pro se litigant, his papers are liberally construed and interpreted to raise the "strongest arguments" that they suggest. *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Gwatney's Feb. 26, 2006 letter

will be deemed to have raised objections to M.J. Bloom's R & R. Thus, the court applies a *de novo* standard of review to the R & R. *See* Fed. R. Civ. P. 72(b).

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, the court has the discretion to add claims that "bear some relationship to the subject of the original pleading." However, if it appears that the claims cannot withstand a motion to dismiss, the court may deny the motion to amend. *Katzman v. Session*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994). Additionally, the court may deny such a motion where the additional claims would result in undue prejudice to the nonmovant. *Id.*

Here, plaintiff seeks to add the following two retaliation claims: (1) in September 2004, the King's County District Attorney's Office and the New York State Supreme Court coerced plaintiff to plead guilty to driving with a suspended license in exchange for a sentence of five years probation; and (2) the King's County District Attorney's Office and the City of New York have conspired to use the plaintiff's status as a probationer to "prevail in [subsequent] prosecutions brought in bad faith." (Pl.'s letter, Dec. 2, 2005 at ¶¶ 1, 5.)

Neither of plaintiff's additional claims can withstand a motion to dismiss. Magistrate Judge Bloom recommended denial of the motion to amend because both claims are, *inter alia*, conclusory. (R & R at 3). More specifically, the retaliation claims, brought pursuant to 42 U.S.C. § 1983, fail to allege personal involvement on the part of any person acting under color of state law and fail to allege a municipal policy or practice of depriving plaintiff of federally protected rights. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983.'") (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-2038 (1978) (holding "it is when execution of a government's policy or custom

. . . inflicts the injury that the government as an entity is responsible under § 1983"). Plaintiff merely urges the court to "assume supplemental jurisdiction of all pending matters," (Pl.'s letter, Dec. 2, 2005 at ¶ 5), because "[p]laintiff has limited confidence in the ethical fortitude of many state courts in regards to obtaining an equitable resolution of his instant cause." (Pl.'s letter, Feb. 6, 2006 at ¶ 12.) Plaintiff's feelings notwithstanding, the court declines to assume "supplemental" jurisdiction over all of plaintiff's state court matters. Both claims are conclusory and vague and thus cannot withstand a motion to dismiss.

Further, plaintiff has twice been permitted to amend his complaint to add state claims. As M.J. Bloom notes, "[d]iscovery has closed and a fully briefed summary judgment motion is pending before the [c]ourt. Therefore, defendants would be unduly prejudiced if they would be required to respond to plaintiff's proposed amendment." (R & R at 3.)

Accordingly, plaintiff's motion to amend is denied.

Plaintiff also seeks to enjoin the "authority" of the New York State trial courts, the City of New York, and the Department of Probation over plaintiff "pending an investigation by this Court." (Pl.'s letter, Dec. 2, 2005 at ¶ 6.)

In order to obtain a preliminary injunction, plaintiffs must show: (1) that absent such an injunction, they are likely to suffer irreparable harm; and (2) either a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [applicant's] favor." *In re Feit & Drexler, Inc. v. Drexler*, 760 F.2d 406, 416 (2d Cir. 1985) (citations omitted); *see also Jackson Dairy, Inc., v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).

Because plaintiff has made no showing of a likelihood of success on the merits, his motion

for a preliminary injunction is denied.

## Conclusion

Having found no clear error in M.J. Bloom's R & R, the Court adopts it in its entirety.

Accordingly, Gwatney's motions for an injunction and to amend the complaint are denied.


DATED:    Brooklyn, New York
          March 27, 2006

/s/
DORA L. IRIZARRY
United States District Judge