UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
DAWSON COLEMAN, aka JOSEPH                             :
GWATHNEY, *pro se*,                                    :
                                                       :    **MEMORANDUM AND ORDER**
                                    Plaintiff,         :
                                                       :    03-CV-4921 (DLI)(LB)
                  -against-                            :
                                                       :
CITY OF NEW YORK, *et al.*,                            :
                                                       :
                                    Defendants.        :
------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

  Plaintiff Dawson Coleman, aka Joseph Gwathney, appearing *pro se*, brought this action under 42 U.S.C. § 1983 against defendants, the New York Division of Parole, Senior Parole Officer Charles Feliciano,[1] and Parole Officer Karl Rosenthal (collectively, the "State Defendants"), as well as the City of New York, New York City Police Officer Christopher Carrieri, Kings County District Attorney Charles Hynes, and Precinct Commander of the 60th Precinct in Coney Island Brooklyn, John Doe (collectively, the "City Defendants"). Plaintiff accuses defendants of malicious prosecution, false arrest, and false imprisonment in violation of his Fourth and Fourteenth Amendment Rights. For the reasons set forth below, defendants' motions for summary judgment are granted, and this action is dismissed in its entirety.

### BACKGROUND

  On March 12, 2003, at around 9:30 P.M., plaintiff claims that a stranger approached him on the street in the Coney Island section of Brooklyn, and asked to borrow his tools in order to remove a battery from a burnt-out Chevy truck. The person explained that he did not own the vehicle, but claimed that the vehicle "was his old lady's or somebody's car, something." (D.

---

[1] In light of the court's disposition of this case, it is unnecessary to address the issue of whether plaintiff properly added Feliciano to this lawsuit.

Coleman Dep. at 75:1-2.) According to plaintiff, had the stranger claimed to own the vehicle, plaintiff "would probably have asked him for, you know, papers and everything." (*Id*. at 84:9-12.) Instead of lending the tools, plaintiff offered to remove the battery for a "small fee," and the stranger accepted. (*Id*. at 75:4-7.) This person directed plaintiff to the truck, which was a short walking-distance away, but did not accompany plaintiff. (*Id*. at 77:18-78:18.) As plaintiff was removing the battery from the burnt-out truck, three New York City Police officers arrived at the scene. When the officers asked plaintiff if the vehicle was his, plaintiff responded that it was not, but that he was "just trying to take the battery out." (*Id*. at 91:13-15; 116:15-16.) Plaintiff explained that someone who did not own the burnt-out truck, but "has custody of the car," asked him to remove the battery. (*Id*. at 91:13-23.) Plaintiff told the police that this person was somewhere "up the street." (*Id*. at 91:13-23.) The officers then arrested plaintiff, and confiscated the wire cutters that plaintiff used to remove the battery.

At the arraignment the next day, the Kings County District Attorney's Office charged plaintiff with possession of burglar's tools, in violation of Penal Law § 140.35. The District Attorney's Office also considered charges for Third-Degree Auto Stripping (Penal Law § 165.09(2)), Fifth-Degree Criminal Possession of Stolen Property (Penal Law § 165.40), and Petit Larceny (Penal Law § 155.25). (J. Harben Decl. at Exs. F and G.) A judge of the New York City Criminal Court for Queens County dismissed the charge because the complaint failed to identify a complaining witness who could testify about the ownership of the burnt-out truck. The dismissal was without prejudice, however, and the court recommended that the police attempt to locate the owner of the vehicle.

Plaintiff reported this incident to his parole officer, defendant Karl Rosenthal, presenting him with the misdemeanor complaint and the certificate of disposition from the criminal court.

(Pl.'s Aff. in Opp'n to Defs.' Mot. for Summ. J. at ¶ 13.) Rosenthal then spoke with the arresting officer about the events of March 12, 2003. (State Defs.' 56.1 Statement at ¶¶ 30-31.) Rosenthal learned that the charge was dismissed without prejudice, and that the prosecutor can re-file the charge if the prosecution located a complaining witness. (*Id*. at ¶ 32.) Rosenthal presented this information to his senior parole officer, defendant Charles Feliciano. (*Id*. at ¶ 33.) Based on the facts that Rosenthal presented, Feliciano issued a parole violation warrant, and Rosenthal arrested plaintiff on April 1, 2003. (*Id*. at ¶ 34-35.) Plaintiff was detained until his parole-revocation hearing on April 14, 2003. (*Id*. at 36.) By that time, neither the New York City Police nor the Brooklyn District Attorney's Office had located a complaining witness or reinstated any charges against plaintiff. (*Id*. at 37.) As such, the administrative law judge presiding over the hearing found that there was insufficient evidence to proceed against plaintiff and ordered that he be released. (*Id*. at ¶ 38.)

## DISCUSSION

### I. Summary-Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Res. Servs., Ltd.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)). As plaintiff is proceeding *pro se*, the court construes his pleadings liberally to raise the strongest arguments that they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

**II. Probable Cause Supported the Arrest, Imprisonment, and Prosecution of Plaintiff.**

Under New York law, a finding of probable cause for the arrest will defeat claims of false arrest, false imprisonment, and malicious prosecution. *Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008) (citations omitted); *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (citation omitted); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *Zanghi v. Inc. Village of Old Brookville*, 752 F.2d 42, 45 (2d Cir. 1985) (citation omitted).[2] "Probable cause exists when [one] ha[s] knowledge of, or reasonable trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams*, 535 F.3d at 79 (citations and internal quotation marks omitted). Probable cause requires only a "probability or substantial chance of criminal activity." *United States v. Bakhtiari*, 913 F.2d 1053, 1062 (2d Cir. 1990). Furthermore, the arrest is lawful so long as the arresting officer had

---

[2] When evaluating claims of false arrest, false imprisonment, and malicious prosecution, the court applies the law of the state where the underlying events occurred, which in this instance is New York. *See Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007); *McClellan*, 439 F.3d at 145.

4

probable cause to arrest the suspect of any crime, regardless of whether the suspect is eventually charged with that particular crime. *See Devenpeck v. Alford*, 543 U.S. 146, 153-154 (2004).

In the context of a parole violation arrest, the probable cause requirement is replaced with a lower reasonable cause standard. *See Alvarado v. City of New York*, 482 F. Supp. 2d 332, 337 (S.D.N.Y. 2007) (citing *Gathers v. White*, 04-CV-5454, 2007 WL 446755, at *4 (E.D.N.Y. Feb. 8, 2007)). This is because New York's parole regulations state that:

> A warrant for retaking and temporary detention may issue when there is a reasonable cause to believe that the releasee has lapsed into criminal ways or company, or has violated the conditions of his release in an important respect. Reasonable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a releasee has committed the acts in question or has lapsed into criminal ways or company.

9 N.Y.C.R.R. 8004.2(c).

Here, no reasonable jury can find that there was no probable cause to arrest plaintiff on March 12, 2003. The police observed plaintiff attempting to remove a car battery out of a burnt-out truck at 9:30 P.M. in a desolate area. When questioned about the truck, plaintiff conceded that the car was not his, but claimed that he was removing the battery on behalf of a stranger "up the street." (D. Coleman Dep. at 91:13-23.) Furthermore, plaintiff told the police that this anonymous person was not the owner of the truck. (*Id.*) To justify his conduct, plaintiff told the police that this person claimed to be the custodian of the burnt-out truck. (*Id.*) Plaintiff never sought to verify this person's claim or even asked him for identification. Moreover, this person was not in the vicinity of the truck at the time of plaintiff's arrest. (*Id.* at 100:21-24.) Based on these facts, the police had ample reason to believe that there was a "probability or substantial chance" that plaintiff was committing auto stripping in the third degree. *United States v. Bakhtiari*, 913 F.2d 1053, 1062 (2d Cir. 1990). Under New York Penal Law § 165.09(1), "[a]

person is guilty of auto stripping in the third degree when . . . [h]e or she removes or intentionally destroys or defaces any part of a vehicle, other than an abandoned vehicle . . . without the permission of the owner." McKinney's Penal Law § 165.09.

The facts that established probable cause for the March 12, 2003 arrest also provided reasonable cause for plaintiff's parole officers to believe that plaintiff had "lapsed into criminal ways" prior to April 1, 2003. 9 N.Y.C.R.R. 8004.2(c). The decision to issue the parole violation warrant is further supported by the fact that plaintiff violated the conditions of his release, which require him to "seek, obtain and maintain employment and/or an academic/vocational program." (State Defs.' 56.1 Statement at ¶¶ 14-17.)

### III. Alternative Grounds for Granting Summary Judgment

Even if the court found that there was no probable cause for the March 12, 2003 arrest and no reasonable cause for the April 1, 2003 arrest, the qualified immunity of defendants Caprieri, precinct commander John Doe, Rosenthal, and Feliciano would bar these claims. No rationale jury, drawing all reasonable inferences for plaintiff, could find that the circumstances leading up to the arrests are such that an objectively reasonable officer would have known that he was violating plaintiff's clearly established constitutional rights. *See Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008).

The case against defendant Hynes must be dismissed because there is nothing establishing that he was personally involved in the events associated with the alleged constitutional violations. "In this Circuit, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Beck v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (citation omitted). A § 1983 plaintiff can demonstrate personal involvement by providing evidence that:

(1) The defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allow the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

*Id*. at 127 (citation omitted). There is no such evidence here.

Plaintiff's claims against the City of New York are dismissed because he has not provided any evidence that the alleged constitutional violations were the result of a policy or custom of the city. *See Zapata v. City of New York*, 502 F.3d 192, 194 n.2 (2d Cir. 2007) (citation omitted) ("Municipalities may only be held liable under § 1983 for the acts of their employees if the deprivation results from a policy or custom of the municipality.").

The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency. *See Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (citations omitted).

## CONCLUSION

For the reasons set forth above, defendants' motions for summary judgment are granted, and this action is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2009

/s/
DORA L. IRIZARRY
United States District Judge